IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ANTHONEY BEARD PLAINTIFF

v. Civil No. 6:25-cv-06121-MEF

ESCOBAR
(Sgt. ORCU) DEFENDANT

# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983. The case was directly assigned to the undersigned Magistrate Judge pursuant to General Order 2024-02, but not all parties to the action have consented to the jurisdiction of the undersigned. *See* 28 U.S.C. § 636(c). Accordingly, the case will automatically be reassigned to a United States District and referred to the undersigned for a report and recommendation pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3). Currently before the Court is Plaintiff's failure to provide a valid service address for Defendant Escobar.

## I. BACKGROUND

Plaintiff filed his Complaint in the Eastern District of Arkansas on October 22, 2025. (ECF No. 2). It was transferred to this District on November 11, 2025. (ECF No. 6). Plaintiff was directed to submit an Amended Complaint to address deficiencies in his original Complaint, and he did so on December 29, 2025. (ECF Nos. 9, 12).

Plaintiff identified Defendant Escobar as an employee of the Arkansas Division of Correction ("ADC") Ouachita River Unit. (ECF No. 12 at 1-2). Service was first directed to Defendant Escobar at the service address for ADC employees: the Arkansas Board of Corrections, Compliance Division, 7300 Dollarway Road, Suite 101, White Hall, AR 71602. This summons was returned unexecuted on February 20, 2026, indicating that Defendant Escobar was no longer

employed with the ADC. Plaintiff's last-known address was provided. (ECF No. 20). Service was then directed to the last-known address provided by the ADC on March 2, 2026. (ECF No. 23). That summons was returned unexecuted on April 6, 2026. (ECF No. 26).

On April 7, 2026, the Court entered an Order directing Plaintiff to provide a valid service address for Defendant Escobar. (ECF No. 27). Plaintiff was advised that it was his responsibility to provide a valid service address, and that Escobar would be dismissed as a Defendant in this case if he failed to do so. (*Id.*). Plaintiff submitted a timely Motion for Extension of Time to do so, which was granted. (ECF Nos. 28, 29). Plaintiff was given until June 12, 2026, to provide a service address for Defendant Escobar. (*Id.* at 29). Plaintiff submitted his Response on May 26, 2026. He submitted an address for the Arkansas Board of Corrections/ADC Compliance Division. (ECF No. 30). Service to the Arkansas Board of Corrections, Compliance Division had previously been unsuccessful because Plaintiff was no longer an employee of the ADC. Plaintiff also asked that if this was unsuccessful, that service to Defendant Escobar's last known address be attempted. (*Id.*). Service to Defendant's last-known address had already been attempted unsuccessfully.

## II. ANALYSIS

It is the responsibility of the Plaintiff to provide the Court with an address for proper service on the Defendants. *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993). The Court has unsuccessfully attempted service to the ADC Board of Compliance and to the last known address for Defendant provided by the Board. Plaintiff was given an opportunity to provide an additional service address, and he was unable to do so. Thus, the Court has been unable to serve Defendant Escobar, and he should be terminated as a party in this case. As Defendant Escobar was the sole named Defendant, this case should also be dismissed without prejudice.

## III. CONCLUSION

Accordingly, it is RECOMMENDED that Plaintiff's Amended Complaint (ECF No. 12) be DSIMISSED WITHOUT PREJUDICE.

*Referral Status*: This case should not remain referred because all matters have been recommended for dismissal in this Report and Recommendation.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in a waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 25th day of September 2026.

/s/ Mark E. Ford

HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE